**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| FRANK MICHAEL ABRAMO,<br><br>　　　　Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　Defendant. | No. C15-4038-LTS<br><br>**MEMORADUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

_____

## I.　INTRODUCTION

　　This case is before me on a Report and Recommendation (R&R) filed on January 14, 2016, by the Honorable Jon Stuart Scoles, Chief United States Magistrate Judge. *See* Doc. No. 17. Judge Scoles recommends that I reverse the decision by the Commissioner of Social Security (the Commissioner) and remand this case pursuant to sentence four of 42 U.S.C. § 405(g). Neither party has objected to the R&R.

## II.　APPLICABLE STANDARDS

### A.　*Judicial Review of the Commissioner's Decision*

　　The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows

for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v.*

*Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B.   *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge

3

to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### *III.    THE R&R*

Abramo applied for Title XVI supplemental security income (SSI) benefits, alleging disability based upon borderline intellectual functioning and mood disorders. He has been diagnosed with anxiety disorder, affective disorders, major depressive disorder, social phobia and panic disorder with agoraphobia. In addition to mental illness diagnoses, Abramo has been diagnosed with lumbago, arm strain associated with biceps tendon rupture, embolism, status post anticoagulation therapy and bilateral foot neuropathy.

After a hearing, an Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found that Abramo could not perform past relevant work but could perform other work that exists in significant numbers in the national economy (thus making this a Step Five case). In his complaint and brief before this court, Abramo argued that the ALJ made two errors. First, Abramo argued that the ALJ failed to correctly analyze the medical evidence when determining that Abramo was capable of medium work. Second, Abramo argued that the ALJ provided flawed hypothetical questions to the Vocational Expert (VE) during the administrative hearing.

Judge Scoles found that the ALJ's decision that Abramo was not disabled was not supported by substantial evidence and, therefore, recommended that it be reversed and remanded. Doc. No. 17. Specifically, Judge Scoles reviewed the ALJ's evaluation of Abramo's RFC under the appropriate legal standard and found:

> Social Security Regulations define medium work as involving "lifting no more than 50 pounds at a time with frequent lifting or carrying objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c). Here, the primary

4

> medical evidence providing for Abramo's functional abilities, Tegels' consultative examination, limits Abramo to lifting 25 pounds with pain. The ALJ "gave weight" to Tegels' opinions. Therefore, it is significant that Tegels' opinions do not support a finding of Abramo having the ability to perform medium work (lifting up to 50 pounds). Moreover, other than a conclusory statement in her decision, the ALJ provides no support for finding that Abramo is capable of performing medium work. In her decision, the ALJ stated "[o]verall, the evidence indicated that [Abramo] would be limited to medium exertional activities with limited climbing, working around hazards and environmental limitations as noted above due to the pulmonary problem and precautions." However, the ALJ does not explicitly or even implicitly address the "overall evidence" supporting an ability to perform medium work, or provide an explanation with support from the record for finding Abramo capable of performing medium work. Under such circumstances, the Court finds the ALJ's determination that Abramo is capable of performing medium work is unsupported by substantial evidence. Therefore, the Court concludes the ALJ's RFC assessment is not based on all the relevant evidence, and is not supported by the medical evidence of record. *See Guilliams*, 393 F.3d at 803 (providing that an ALJ's RFC assessment must be based on all of the relevant evidence); *Casey*, 503 F.3d at 697 (Providing that "the RFC is ultimately a medical question that must find at least some support in the medical evidence of record.") Accordingly, the Court believes remand is necessary for the ALJ to fully and fairly develop the record with regard to Abramo's exertional ability, including a reassessment of Abramo's RFC.

Doc. No. 17, p. 16-17.

Judge Scoles then considered Abramo's argument that the hypothetical questions provided to the VE were flawed:

> Turning to the issue of proper hypothetical questions to the vocation expert, under Social Security law, hypothetical questions posed to a vocational expert "must capture the concrete consequences of the claimant's deficiencies." *Hunt v. Massanari*, 250 F.3d 622, 625 (8th Cir. 2001) (citing *Taylor v. Chater*, 118 F.3d 1274, 1278 (8th Cir. 1997)). The ALJ is required to include only those impairments which are substantially supported by the record as a whole. *Goose v. Apfel*, 238 F.3d 981, 985 (8th Cir. 2001); *see also Haggard v. Apfel*, 201 F.3d 591, 595 (8th Cir. 1999) ("A hypothetical question 'is sufficient if it sets forth the impairments which are accepted as true by the ALJ.' *See Davis v. Shalala*, 31 F.3d 753, 755

5

(8th Cir. 1994) (quoting *Roberts v. Heckler*, 783 F.2d 110, 112 (8th Cir. 1985).").  Here, the Court determined remand was necessary to allow the ALJ to fully and fairly develop the record with regard to Abramo's level of exertional abilities, including reconsideration of Abramo's RFC. Accordingly, the Court believes remand is also necessary to allow the ALJ to reconsider the hypothetical questions posed to the vocational expert in order to make sure that they capture the concrete consequences of Abramo's limitations based on the medical evidence as a whole, including the opinions of Tegels' and a full consideration of Abramo's exertional abilities and RFC. *See Hunt*, 250 F.3d at 625 (requiring the ALJ to "capture the concrete consequences of the claimant's deficiencies").

*Id*., p. 17.  Judge Scoles concluded:

In the present case, the Court concludes that the medical records as a whole do not "overwhelmingly support a finding of disability." *Beeler*, 833 F.2d at 127. Instead, the ALJ simply failed to: fully and fairly develop the record with regard to Abramo's exertional abilities and properly assess Abramo's RFC.

*Id*., p. 18.  Judge Scoles then recommended that the case be remanded for further consideration consistent with his decision. *Id*., p. 19.

## IV.  DISCUSSION

Because the parties did not object to Judge Scoles' R&R, I have reviewed it for clear error.  Judge Scoles described and applied the appropriate legal standards when reviewing the ALJ's RFC finding and hypothetical questions.  Judge Scoles properly found that substantial evidence did not support the ALJ's RFC finding because the ALJ's finding was conclusory and did not offer any explanation or reference to the record. Specifically, the ALJ stated that she gave weight to the limitations articulated by nurse Tegels after Tegels' consultative examination, but then crafted an RFC that ignored Tegels' findings.  Instead, the ALJ found that Abramo was capable of lifting 50 pounds (medium work) in direct contradiction to the 25 pound limit (with pain) assessed by Tegels.  Judge Scoles correctly noted that the contradiction is significant because Tegels'

consultative examination is the primary medical evidence of Abramo's physical abilities. Without incorporating Tegels' findings, the ALJ's RFC is fatally flawed. Further, Judge Scoles properly found that because the ALJ's RFC determination was flawed, so too were the hypothetical questions. I find no error – clear or otherwise. As such, I adopt the R&R in its entirety.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** Chief United States Magistrate Judge Scoles' January 14, 2016, report and recommendation (Doc. No. 17) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Scoles' recommendation:

    a. The Commissioner's determination that Abramo was not disabled is **reversed** and this matter is **remanded** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings as discussed by Judge Scoles.

    b. Judgment shall enter in favor of Abramo and against the Commissioner.

    c. If Abramo wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**

**DATED** this 16th day of June, 2016.

                                                    _____
                                                  LEONARD T. STRAND
                                                  UNITED STATES DISTRICT JUDGE